# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK A. YASKOWEAK,

       Plaintiff,

v.                                                  No. 1:19-cv-00867-JCH-SCY

CHURCH OF SCIENTOLOGY and
AFFILIATES,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed September 18, 2019.

Plaintiff states he:

> was ambushed; kidnapped; and hijacked by satanic corrupt United States govenrment espionage terrorists, who committed first-degree murder - by implanting me, Mark A. Yaskoweak, with (stolen) extraterrestrial-alien communications weaponry, that force my every thought, 24-hours a day, 7-days a week, to the (more than) 1 billion smartphones (darkweb cyberterrorism smartphones) of the entire Church of Scientology / and their satanic 'religious' affiliates. . . .

[sic] Complaint at 1. Plaintiff asks the Court "to hear the PFA case (Protection From Abuse case) I am prosecuting against the entire Church of Scientology and all of their affiliates" so that they will not steal his thoughts and ideas for financial gain. Complaint at 1. Because the removal of the extraterrestraial-alien torture communications weapons, which are "permenently implanted inside my brain," "cannot be done safely," Plaintiff states that "it is more than prudent; for the safety of all persons that I communicate via my 'extratterstrial intelligence' - by my thoughts *only* inside your courtroom, when I prosecute this case." [sic] Complaint at 1.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not met his burden of showing that the Court has jurisdiction over this matter. Plaintiff has not alleged the citizenship of Defendants. *See Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006) (to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties"); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

IT IS ORDERED that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**